Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 566 | **DATE** | 6/27/2001 |
| **CASE TITLE** | CULLINS vs. WADE, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion for summary judgment is granted in part and denied in part. Status hearing set for 7/19/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

JUN 2 8 2001
date docketed

ED-7
FILED FOR DOCKETING
01 JUN 27 PM 2: 52

Document Number: 28

TBK  courtroom deputy's initials

Date/time received in central Clerk's Office    mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHNNY CULLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 99 C 566 ) Paul E. Plunkett, Senior Judge |
| OFFICER WADE, SERGEANT MARTINEZ and SUPERINTENDENT IMHOFF | ) ) ) ) |
| Defendants. | ) |

DOCKETED
JUN 2 8 2001

## MEMORANDUM OPINION AND ORDER

Johnny Cullins has sued defendants, who are employed by the Cook County Sheriff's Department, for violating his Fourteenth Amendment rights when he was incarcerated at the Cook County Jail. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted in part and denied in part.

### Facts[1]

On December 5, 1998, plaintiff slipped and fell on one of the tiers of the Cook County Jail. (Pl.'s Stmt. Material Facts ¶¶ 1, 7.) The fall injured his head, neck and back and left him unable to get up from the floor. (Id. ¶¶ 8-9.)

---

[1] As stated below, when the parties dispute a fact, we must credit the non-movant's version. The parties in this case dispute virtually all of the facts. This section, therefore, largely represents plaintiff's version of events.

After the fall, some of the other inmates summoned defendant Wade. (Id. ¶ 13.) When Wade arrived, plaintiff told him about the fall and requested medical attention. (Id. ¶ 14.) Instead of calling for medical help, Wade went to find his supervisor, defendant Martinez. (Id. ¶¶ 16-17.)

When Martinez and Wade returned to the tier, plaintiff was still lying on the floor. (Id. ¶ 19.) Neither defendant called for medical help. (Id.) Martinez laughed at plaintiff and then went to get his supervisor, defendant Imhoff. (Id. ¶¶ 20-21.)

When Imhoff, Martinez and Wade returned, Imhoff told the other inmates that plaintiff was crazy and ordered that plaintiff be transported to the psychiatric unit, rather than the medical unit, of Cermak Hospital, the jail's medical center. (Id. ¶¶ 23-24.) After spending only a few minutes in the psychiatric unit, plaintiff was returned to his cell. (Id. ¶¶ 25-26.) Plaintiff did not receive any medical treatment for his injuries until three days after the fall. (Defs.' Mot. Summ. J., Ex. 3, Cermak Health Servs. Records, 12/8/98 Radiology Report.)[2]

Plaintiff claims that defendants' failure to provide him with timely medical treatment for his fall-related injuries violated his Fourteenth Amendment rights.

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[2]Plaintiff contends that he did not see a doctor until two weeks after the fall. (Pl.'s Stmt. Material Facts ¶ 29.) The records from Cermak Hospital however, show that his back and hip were x-rayed on December 8, 1998, three days after he allegedly fell. (Defs.' Mot. Summ. J., Ex. 3, Cermak Health Servs. Record, 12/8/98 Radiology Report.)

-2-

matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

### Discussion

The amended complaint does not indicate whether plaintiff is suing defendants in their individual capacities, official capacities or both. To the extent he is pressing official capacity claims, however, they must be dismissed. An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Liability under 42 U.S.C. § 1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff asserts that his Fourteenth Amendment rights were violated when the defendants failed to provide him with timely medical care for his fall-related injuries. It is undisputed, however, that "Cook County Jail regulations require guards who receive complaints of accidents and injuries from inmates to immediately notify superiors and summon Jail paramedics." (Pl.'s Stmt. Material Facts ¶ 15; Defs.' Resp. Pl.'s Stmt. Material Facts ¶ 15.) In other words, plaintiff admits that any constitutional deprivation he may have suffered resulted not from the execution of a Cook County Sheriff's Department policy, but from the defendants' deviation from it. Because he has admitted that there

is no basis to impose liability on the Sheriff's Department in this case, defendants' motion for summary judgment on any official capacity claims plaintiff asserts against them is granted.

To prevail on his personal capacity claims against the defendants, plaintiff must show that defendants exhibited "deliberate indifference to [his] serious medical needs." Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (internal quotation marks and citation omitted), cert. denied, 530 U.S. 1244 (2000). A defendant is deliberately indifferent if he "'knows of and disregards an excessive risk to inmate health or safety.'" Chavez, 207 F.3d at 904 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). In other words, "'the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id.

A review of the parties' briefs reveals that these claims are particularly inappropriate for summary judgment. Defendants contend that plaintiff never fell, and thus, they deny virtually all of the facts he asserts. (See generally, Defs.' Resp. Pl.'s Stmt. Material Facts.) For the purposes of this motion, then, we must assume that plaintiff's version of events is true: he fell while walking on a tier at Cook County Jail, the fall rendered him unable to get up from the floor, all three defendants saw him lying on the ground and none of them called for medical help. (Pl.'s Stmt. Material Facts ¶¶ 6-23.) Instead, defendant Imhoff ordered that plaintiff be transported to the psychiatric unit, where plaintiff was questioned "for about three minutes" by a person who may or may not have been a doctor, and then returned to his cell. (Id. ¶¶ 24-26; Defs.' Mot. Summ. J., Ex. 2, Cullins Dep. 25-27.) Plaintiff did not get medical treatment for his injuries, which he says were debilitating, until

three days later. (Defs.' Mot. Summ. J., Ex. 3, Cermak Health Servs. Records, 12/8/98 Radiology Report; id., Ex. 2, Cullins, Dep. at 23, 41-42.)[3]

Even if they are true, defendants say that these facts do not suggest that plaintiff had a serious medical need. Plaintiff's admission that he was able to walk to the psychiatric unit shortly after the fall, defendants contend, vitiates any inference that he was seriously injured. The Court disagrees. Though plaintiff admitted he walked to the psychiatric unit, he also said that he had to be lifted to his feet by other inmates before he could do so, a process that all three of the defendants witnessed. (Id., Ex. 2, Cullins Dep. at 23; Pl.'s Stmt. Material Facts ¶¶ 23-24.) The fact that he managed to walk once he was on his feet does not destroy the inference of serious medical need that arises from his asserted inability to rise independently from the floor.

The record also suggests that the defendants were deliberately indifferent to that need. The only immediate medical attention plaintiff says defendants provided him was a brief interview with an unidentified employee of the psychiatric unit who did nothing to address his physical injuries. (Defs.' Mot. Summ. J., Ex. 2, Cullins Dep. at 25-27; Pl.'s Stmt. Material Facts ¶¶ 24-26.) Moreover, though the record shows that plaintiff's back and hip were x-rayed three days after the fall, it does not suggest that the defendants played any role in securing that medical treatment for him. Contrary to defendants' belief, coincidental medical treatment after he was injured, which is what the record suggests the x-rays were, does not excuse defendants' alleged failure to secure medical treatment for plaintiff at the time of the fall.

In short, plaintiff has adduced sufficient evidence to suggest that defendants were deliberately indifferent to his serious medical needs. Defendants' motion for summary judgment on the

---

[3]See n.2.

Fourteenth Amendment claims he asserts against them in their personal capacities is, therefore, denied.

## Conclusion

For the reasons stated above, there is no genuine issue of material fact on any Fourteenth Amendment claim that plaintiff asserts against defendants in their official capacities. Defendants' motion for summary judgment on any such official capacity claims is, therefore, granted. There are, however, genuine issues of material fact on the Fourteenth Amendment claims plaintiff asserts against defendants in their personal capacities. Defendants' motion for summary judgment on those claims is, therefore, denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: June 27, 2001